OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 28, 1999

The Honorable Yolanda de León
Cameron County District Attorney
974 East Harrison Street
Brownsville, Texas 78520

Opinion No. JC-0134

Re: Whether a county may waive taxes on real property that houses a nonprofit organization, but is owned by an individual (RQ-0078-JC)

Dear Ms. de León:

You have asked this office whether Cameron County may waive taxes, penalties, and interest on real property that houses a nonprofit organization, but that is owned by an individual. A brief prepared by your office in connection with this request concludes that, absent any showing that the taxpayer's failure to pay the tax was caused by an act or omission of the taxing unit, such interest may not be waived pursuant to section 33.011 of the Tax Code. *See* Letter Brief from Honorable Yolanda de León, Cameron County District Attorney, to Office of the Attorney General, Opinion Committee (June 16, 1999) [hereinafter "de León Brief"]. The brief further concludes that taxes are not exempted under section 11.18 of the Tax Code on real property used by a nonprofit organization, but actually owned by an individual. *See id.* at 4. We agree.

As a preliminary matter, we note that this office does not find facts in the opinion process. Accordingly, we will assume for the purposes of this opinion that the facts in this situation are as described in the brief submitted to us.

As we understand it, a property owner in Cameron County has been letting a nonprofit organization use a building he owns since 1987, and has not paid county taxes on the building since 1988. It is these unpaid taxes, along with the attendant penalties and interest resulting from their delinquency, which the city is asking if it may waive.

Waiver of penalties and interest is covered by section 33.011 of the Tax Code, which provides in relevant part:

(a) The governing body of a taxing unit:

(1) shall waive penalties and may provide for the waiver of interest on a delinquent tax if an act or omission of an officer, employee, or agent of the taxing unit or the appraisal district in which the taxing

> unit participates caused or resulted in the taxpayer's failure to pay the tax before delinquency and if the tax is paid within 21 days after the taxpayer knows or should know of the delinquency.

Act of May 26, 1999, 76th Leg., R.S., ch. 817, § 1, sec. 33.011(a), 1999 Tex. Sess. Law Serv. 3449, 3450 (to be codified as an amendment to TEX. TAX CODE ANN. § 33.011). A request for a waiver of penalties under this section must be made within six months of the delinquency. *See* TEX. TAX CODE ANN. § 33.011(d) (Vernon Supp. 1999).

The plain language of the statute requires that the delinquency be somehow attributable to an act or omission of the taxing unit or its agents in order for interest and penalties to be waived. However, the brief you have submitted indicates that such is not the case here: "In this case it appears that the taxpayer has been given notice on a regular basis, and knows or should know that the tax is owed." de León Brief at 2. Moreover, a waiver is not available under the statute unless the tax is paid within twenty-one days of the time the taxpayer knows or ought to know of the delinquency. But in this case, you inform us, "The taxes owed to the county have not been paid from 1988 to the present." *Id.* Accordingly, waiver of penalties pursuant to section 33.011 is not available in this case.

Nor does section 11.18's exemption for the property of a nonprofit organization apply in this case. Section 11.18(a) provides in relevant part:

> An organization that qualifies as a charitable organization as provided by this section is entitled to an exemption from taxation of:
>
> > (1) the buildings and tangible personal property that:
> >
> > > (A) *are owned by the charitable organization*; and
> > >
> > > (B) except as permitted by Subsection (b), are used exclusively by qualified charitable organizations.

Act of May 6, 1999, 76th Leg., R.S., ch. 138, § 1, sec. 11.18, 1999 Tex. Sess. Law Serv. 596, 597 (to be codified as an amendment to TEX. TAX CODE ANN. § 11.18) (emphasis added).

The statutory language plainly requires that the exemption is available for property *owned* by the charity, not leased or rented or held in some other form of tenure. But again, that is not the case here. Your brief informs us that "[t]ax records indicate that the owner of the property is an individual." de León Brief at 2. Because the owner of the property is an individual, section 11.18 of the Tax Code is inapplicable.

To summarize, we agree with your conclusion that Cameron County may not waive taxes, penalties, and interest on real property owned by an individual that houses a nonprofit organization.

### S U M M A R Y

Cameron County may not waive taxes, penalties, and interest on real property owned by an individual that houses a nonprofit organization.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee